# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TERESA DE JESUS SARABIA,<br><br>        Plaintiff,<br><br>vs.<br><br>LA FAMILIA AUTO REPAIR & SALES, *et al.*,<br><br>        Defendants. | 2:19-cv-02248-RFB-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1] |

Before the Court is pro se plaintiff Teresa De Jesus Sarabia's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-2). The Court will hold a hearing regarding both the in forma pauperis application and the complaint. Plaintiff may appear telephonically or in person at the hearing.

## I. Discussion

Sarabia's filings present two questions: (1) whether she may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether the complaint states a plausible claim for relief.

Plaintiff is a resident of Colorado and she brings claims against defendants: La Familia Auto Repair and Sales LLC, a limited liability company with its, "principal place of business at: 4240 E. Lake Meade Blvd. 102, Las Vegas, Nevada 89115; Veronica and Federico Flores, and Jacquelynn Jones, who are each "a citizen of the United States and resident of the State of Nevada"; and Jesus Morales, who, "is not a citizen of the United States, but is a resident of the State of Nevada." (ECF No. 1-1 at 3). Plaintiff

1

brings claims for fraud, conspiracy, and bad faith breach of contract. (*Id*. at 9-13). Plaintiff alleges that she, together with a man named "Mr. Martinez[1]", "contracted (sic) La Familia Auto Repair & Sales to purchase numerous vehicles at an auction in the State of Nevada[ ]." (*Id*. at 4).

Plaintiff alleges that that she (and Mr. Martinez) transferred payments to the defendants, (which total a little under $20,000) to the defendants for the purchase of several vehicles, including but not limited to a 2006 Mercedes CLS, a 2003 BMW, a 2007 Nissan Altima, and a few other vehicles. (*Id.* at 4-8). Plaintiff alleges that the defendants sold these vehicles "under the false premise that the property was owned by the Defendants." (*Id.* at 6). Plaintiff alleges that the, "fraudulent transfer of property has unfairly and unlawfully deprived the Plaintiff of both their[2] property and ability to sell and profit from these vehicles, as well as invest this money in the purchase of numerous other vehicles, and has resulted in the loss of hundreds of thousands of dollars [ ]."

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*,

---

[1] The Court notes that "Mr. Martinez" is not a co-plaintiff or defendant in this case. The Court will likely have questions regarding Mr. Martinez at the hearing, because Sarabia refers to Martinez as a "plaintiff" within the complaint. (See ECF No. 1-1 at 5).

[2] It appears that plaintiff's use of the plural "their" throughout the complaint is a reference to Mr. Martinez.

271 Fed. Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's application has many inconsistencies. Plaintiff declares that in the past 12 months her average monthly income is $2,180 and her average monthly expenses average $2,160.00. (*Id.* at 1 and 5). Plaintiff also states that as of February 27, 2018, she received gross monthly pay in the amount of $2,100, and that as of June 18, 2015, her spouse received gross monthly pay in the amount of $1,900. (*Id.* at 2). Plaintiff does not provide a date range, so it appears that she receives $4,000 per month for her household. (*Id.* at 2). At the end of the application, however, plaintiff states that she is "alone" with "no husband". Plaintiff states that she has $150.00 in the bank, that she does not own a home, and that her car is worth $3,500. (*Id.* at 1-3). Plaintiff must address these factual inconsistencies in her declaration at the hearing. Plaintiff must also address her declaration regarding her inability to pay the filing fee, given that the allegations in the complaint show that she has transferred thousands of dollars to purchase multiple vehicles with the intent to profit from them.

**II.     Sarabia's Complaint**

    **a.   Legal Standard**

Section 1915 also requires that if the Court grant an application to proceed in forma pauperis, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure

3

8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

//

### b. Diversity Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute." *Alessi & Koenig LLC v. Fannie Mae*, No. 2:15-cv-01946-GMN-GWF, 2017 U.S. Dist. LEXIS 94150, at 3 (D. Nev. June 18, 2017); citing to *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Pursuant to 28 USCS § 1332:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

See 28 USCS § 1332(a)(1) and (a)(2). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Pursuant to 28 U.S.C.S. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "Doubts as to removability are resolved in favor of remanding the case to state court." *Bierman* 2013 U.S. Dist. LEXIS 12057 at 2, citing to *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Diversity jurisdiction is not facially evident from the complaint, which states that three of the defendants are residents of Nevada. Plaintiff has not alleged in the complaint that the parties are citizens of different states, or citizens of a state and citizens or subjects of a foreign state. The plaintiff must address this issue at the hearing.

//

### c. Plausibility of Plaintiff's Claims

If plaintiff can show that she should be allowed to procced in forma pauperis and that this Court has jurisdiction over this case, then she must also address the plausibility of each of her claims pursuant to 28 U.S.C. § 1915(e)(2)(B). If plaintiff pays the filing fee before 5:00pm on March 16, 2020, the Court will vacate the hearing and the plaintiff may proceed with her complaint as filed.

ACCORDINGLY,

IT IS ORDERED that a HEARING on plaintiff Teresa De Jesus Sarabia's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-2) is scheduled for 10:00am on March 17, 2020.

IT IS FURTHER ORDERED that plaintiff Sarabia may attend the scheduled hearing either in person or telephonically. If plaintiff appears telephonically, the call-in telephone number is (888)273-3658, access code: 3912597. The call must be made five minutes prior to the hearing time. The court will join the call and convene the proceedings. The call must be made on a land line. The use of a cell phone or speaker phone during the proceedings is prohibited.

IT IS FURTHER ORDERED that the hearing will be vacated if plaintiff pays the filing fee before 5:00pm on March 16, 2020.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 5th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE